## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO: 19-11091 |
| CHARLETTE MARIE COLEMAN, | SECTION A |
| DEBTOR | CHAPTER 13 |

### REASONS FOR DECISION

On August 29, 2019, Charlette Coleman's ("Debtor") Objection to Claim No. 6 of Carrington Mortgage ("Mortgagee"), came before the Court. The Court held its ruling until September 4, 2019 to allow Debtor and Carrington Mortgage to come to agreement. The Parties were unable to resolve the issue.

**I.  Facts**

On April 23, 2019, Debtor filed a voluntary petition for relief under Title 11, Chapter 13 of the Bankruptcy Code.[1]

Debtor owns real property consisting of two (2) parcels located at the address 1848 Paul Maillard Road.[2] Each parcel was separately purchased by Debtor.[3] Parcel 1 fronts Paul Maillard Road while parcel 2 lies behind parcel 1.

On July 3, 2006, Debtor executed a promissory note in the original principal sum of $84,549.00, payable to the order of "Countrywide Home Loans, Inc.", in monthly installments of principal and interest in the amount of $534.41 commencing on August 1, 2006. The note stipulates to an interest rate of 6.5% per annum from date until paid. Debtor used the funds to purchase a mobile home.

---

[1] P-1.
[2] *Id.*
[3] *Id.*

The Note is secured by and paraphed "Ne Varietur" for identification with an Act of Mortgage dated July 3, 2006, and recorded in the Parish of St. Charles, State of Louisiana on July 7, 2006, in Book 1150, Page 624, Entry Number 320278 ("Mortgage").

The Mortgage encumbered the mobile home and Parcel 2 described as:

ONE CERTAIN LOT OR PORTION OF GROUND, together with all improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated near the Town of Boutte, Parish of St. Charles, State of Louisiana, and being located in Section 91, Township 13 South, Range 20 East, as per plan survey of Lucien C. Gassen, Surveyor, dated March 16, 1972, a copy of which is on file in the office of the Clerk of Court of St. Charles Parish for reference. According to the above referred to plan by Lucien C. Gasson, the lot of ground conveyed herein is designated as LOT TWELVE (12) of BLOCK 1, which is more fully described as follows:

> LOT 12 of BLOCK 1 has a width fronting on a 16 ft. lane of 66 ft., a depth along the line of Lot 11 of 68.51 ft., a depth along the line of Lot 13 of 68.43 ft., and a width along the rear line of 66 ft.

MUNICIPAL ADDRESS: 1848 Paul Maillard Road, Boutte, Louisiana 70039;

AND

One (1) 2006 Waverlee, Country Classic Mobile Home bearing Serial No. 17L10448 measuring 15'.6" X 76'

On September 12, 2018, the Mortgagee executed an Act of Correction to the Mortgage and recorded it in St. Charles Parish on September 24, 2018. The Act of Correction added the description of parcel 1 to the description in the original Mortgage. Debtor did not sign, nor was she asked to sign, the Act of Correction. The property added is described as:

ONE CERTAIN LOT OR PORTION OF GROUND, together with all improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of St. Charles, State of Louisiana, on the right bank of the Mississippi River, lying at the front line of the property belonging to the Estate of Edward Pendleton, or assigns, bounded above by the property now, or formerly, of Lucien

> Frilloux, et als, an below by the of Charles Matis, measuring sixty-seven (67) feet wide by a depth of one hundred twenty-five (125) feet between parallel lines, coming toward the river, the lot is described as follows: Fifty (50) feet parallel with the Boutte Road, with a depth of one hundred thirty-five (135) feet, bounded in front by the property of Willie Alexander, or assigns, in the rear by the property of Charles Matis, on the upper side by the property now or formerly, of Lucien Frilloux, et als, and on the lower side by the Boutte-Paul Maillard Road.

("Parcel 1")

After Debtor filed for bankruptcy relief, Mortgagee filed its proof of claim asserting a lien on Parcels 1 and 2 as well as the mobile home.

Debtor objected to the proof of claim because the Mortgage did not include both parcels in the legal property description, but only through the Act of Correction was Parcel 1 added.[4] Mortgagee asserts that the Act of Correction was proper because the omission of Parcel 1 was a 'typographical error' that may be corrected by later act.

**II. Law and Analysis**

La. R.S. § 35:2.1 provides:

> A. (1) A clerical error in a notarial act affecting movable or immovable property or any other rights, corporeal or incorporeal, may be corrected by an act of correction executed by any of the following:
>
> (a) The person who was the notary or one of the notaries before whom the act was passed.
>
> (b) The notary who actually prepared the act containing the error.
>
> (c) In the event the person defined in Subparagraphs (a) or (b) of this Paragraph is deceased, incapacitated, or whose whereabouts are unknown, then by a Louisiana notary who has possession of the records of that person, which records contain information to support the correction.
>
> (2) The act of correction shall be executed before two witnesses and a notary public.[5]

The Notes of Decision following this statute explain: "An act of correction executed in violation of the provisions of La. R.S. § 35:2.1 is a nullity, is void and has no legal effect."[6]

[4] P-30.
[5] La. R.S. § 35:2.1.
[6] Notes of Decision following La. R.S. § 35:2.1 (citing Op.Atty.Gen. No. 93—681, Dec. 30, 1993).

Louisiana law does not define 'clerical error' and there is very little jurisprudence on the issue. However, two cases shed some light on the analysis. In *Vickers v. Vickers*,[7] Mr. Vickers executed a mortgage on separate, immovable property. The mortgage indicated that the mortgagor was Automotive Trucks & Tractors, LLC and Mr. Vickers was its President.

After the execution of the mortgage, the Vickers divorced and Mrs. Vickers obtained a money judgment against Mr. Vickers to settle her community property claims. The Judgment was recorded.

Subsequent to the judgment, Mr. Vickers signed an Act of Correction changing the designation of the mortgagor to himself and acknowledging that he signed in his individual capacity rather than as President of Automotive Trucks & Tractors, LLC. Mrs. Vickers seized the separate property and challenged the Act of Correction. The Mortgage lender and Mr. Vickers argued that the Act was to correct a clerical error that occurred when the Mortgage was executed. Both asserted that it was always their intent to mortgage the property but through inadvertence, the owner was confused. The Third Circuit explained:

> We find that the error at issue does not constitute a clerical error, but is a substantive one. Black's Law Dictionary, (8th ed.), provides, in part, that a clerical error is '[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination.' In this case, there were repeated references to the limited liability company as the mortgagor throughout the multiple pages of the collateral mortgage. Also, as stated earlier, Mr. Vickers signed the collateral mortgage expressly on behalf of the company in his capacity as its President. These references evidence an express determination by those involved with the creation of the collateral mortgage, including Mr. Vickers, that the limited liability company be recognized as the mortgagor of the property at issue.
>
> Although the parties to the collateral mortgage admitted the misidentification was an erroneous assertion, that alone does not justify classifying such an error as 'clerical' in nature.... It was a deliberate and repetitive error ...[that] suggests that

---

[7] 2009-280 (La. App. 3 Cir. 11/18/09); 25 So. 3d 210.

there was a reasoned belief by those entering into the agreement that the limited liability company was the owner/mortgagor of the property at issue. This does not constitute a clerical error.[8]

Regarding the enforcability of mortgages with inaccurate property descriptions, *Mid-State Homes, Inc. v. Knapp*,[9] is the leading authority. *Mid-State* explains:

> A mortgage is enforceable against immovable property when the description is inaccurate or faulty, if the description is adequate to enable a court to locate and identify the property with certainty and if it is not so inaccurate or faulty as to be actually misleading.
>
> Of course where the description . . . is so misleading that it actually describes accurately some other property, . . . in such a case a resort to outside evidence would have the effect not merely of making the description certain, but of actually changing the record; and this cannot be allowed.[10]

In this case the omission of an entirely separate parcel in the Mortgage's legal description constitutes a substantive error, not a clerical one. The parcels lie front against back and were acquired by separate deeds prior to the Mortgage's execution. The Mortgage accurately describes Parcel 2 while completely omitting a description for Parcel 1. Each Parcel has very different property descriptions so there can be no doubt that this is not a minor omission.[11]

Because Debtor did not sign or consent to the 'correction,' the Act of Correction violates La. R.S. § 35:2.1 by correcting more than a clerical error. It is therefore null and void.[12] The Mortgage is secured by Parcel 2 and the mobile home but not Parcel 1.

At the hearing on this matter, the Parties represented that Parcel 1 and Parcel 2 are each valued at $35,000. Debtor submitted a NADA Bluebook value for the mobile home of

---

[8] *Id.* at 213.
[9] *Mid-State Homes, Inc. v. Knapp*, 156 So.2d 122 (La. Ct. App. 1963)
[10] *Id.* at 125–26 (citations omitted).
[11] Mortgagee refers the Court to *In re Heitmeier,* No. 13-11320, 2013 WL 5705640 (Bankr. E.D. La. Oct. 18, 2013), a decision of this Court. The *Heitmeier* opinion was decided under Mississippi law and is not applicable to this case.
[12] *See* La. R.S. § 35:2.1.

$11,798.78. Mortgagee did not provide any evidence to refute this value, nor did it challenge Debtor's request to cramdown its secured debt to the value of its collateral. Therefore, Carrington's secured debt is recognized at $46,798.78.

    New Orleans, Louisiana, September 6, 2019.

                                            Hon. Elizabeth W. Magner
                                            U.S. Bankruptcy Judge